**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal No. 21-cr-52-3 (TJK)** |
| | : | |
| **MATTHEW GREENE,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S UNOPPOSED MOTION TO**
**TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The United States of America, by and through its attorney the Acting United States Attorney for the District of Columbia, hereby moves this Court to exclude the time within which an indictment must be filed under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*., on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).   Specifically, the government requests that the Court find that the time period between June 3, 2021, and August 2, 2021, be excluded from Speedy Trial Act calculations.

<u>Procedural History</u>

The defendant was arrested in the Northern District of New York on April 21, 2021, and he made his initial appearance before a magistrate judge in that district the same date.   The government requested a detention hearing, and a hearing was subsequently held before a magistrate judge in the Northern District of New York on April 26, 2021.   Following that hearing, the defendant was ordered detained pending trial.   The defendant made his initial appearance in the District of Columbia before Magistrate Judge Meriweather on May 24, 2021. At that hearing, Judge Meriweather agreed to toll the Speedy Trial clock until June 3, 2021, to allow a date for a status hearing to be set before this Court, where the parties could make any

requests they wished about further tolling.

On May 25, 2021, co-defendants Pezzola and Pepe had a status conference before this Court, and at that hearing this Court agreed, at the government's request and without objection from either defendant, to continue the case for another status on August 2, 2021, and to exclude the time period between May 25, 2021, and that date from calculation under the Speedy Trial Act.   Defendant Greene was not present for the May 25 status hearing, and upon information and belief, that was due to issues in securing his presence via video-link.   Following that hearing, this Court set a status conference in this case for August 2, 2021, at the same time as the co-defendants' hearings.

The government submits that the conditions that existed when the government filed an unopposed motion to continue the then-scheduled March 26, 2021 status conference in the co-defendants' case, ECF No. 28, regarding the amount of discovery that must be collated, provided to, and reviewed by the defense, still exist and have grown as the government has collected more evidence in this case.   The government is working diligently to provide this material to the defendant, but discovery is not yet complete, and the defendant still requires time to go through the material that will be provided by the government.   Moreover, this particular defendant's counsel just entered an appearance on June 7, 2021, and he will need time to get up to speed on discovery between today's date and August 2, 2021.

The government contends that under these circumstances, the ends of justice to be served by a 60-day continuance outweigh the interests of the public and the defendant in a speedy trial, and the Court should consequently exclude time under the Speedy Trial Act.

Undersigned counsel has provided a copy of this motion to Michael Kasmarek, Esq.,

counsel for the defendant, and Mr. Kasmarek informed the undersigned that this motion may be filed unopposed.

WHEREFORE, the government respectfully requests that this Court grant the motion for an approximately 60-day continuance of the above-captioned proceeding, and that the Court exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, *nunc pro tunc* to June 3, 2021, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
DC Bar No. 415793


By:       /s/ *Erik M. Kenerson*
        Erik Kenerson
        Assistant United States Attorney
        Ohio Bar No. 82960
        555 Fourth Street, N.W., Room 11-909
        Washington, DC   20530
        Erik.Kenerson@usdoj.gov
        (202) 252-7201